## Andiario v. Alan I. W. Frank Corp.

*Daniel E. Cohen*, for defendants.
*Mark E. Garber*, for additional defendants.

THOMSON, *J.*, February 5, 1980—The within action was commenced by the filing of a complaint in trespass by plaintiffs against original defendants, Alan I. W. Frank Corporation and Aubrey L. Pharmer, who thereupon joined the Commonwealth of Pennsylvania, Department of Transportation (hereinafter referred to as PennDOT), inter alia, additional defendants. Before us for our present determination are preliminary objections of additional defendant PennDOT to their said joinder.

It is, of course, clear that in order for the Commonwealth or its agencies, such as PennDOT, to be sued in trespass at this juncture, the case must fall

within one of the eight statutory exceptions prescribed by the legislature in 42 Pa.C.S.A. §5110(a) as a reaction to the landmark case of Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), which abrogated the age-old doctrine of "sovereign immunity." PennDOT has first argued that the instant case does not fall within one of the said statutory exceptions. We do not concur.

Original defendants aver in their third-party complaint against PennDOT the following, as per Paragraph 10 thereof:

"The negligence of the Additional Defendant, Commonwealth of Pennsylvania, consisted in the following:

a. in failing to maintain the said highway under its jurisdiction properly;

b. in failing to remedy dangerous conditions after notice of same, resulting in numerous accidents in the past;

c. in failing to warn vehicle operators of the dangerous condition of the highway when the said highway became wet;

d. in failing to take any steps to remedy the dangerous condition created by water on the said highway;

e. in failing to warn the motoring public of the danger known by it to be present on the highway in rainy weather;

f. in otherwise violating the laws of the Commonwealth of Pennsylvania relating to the maintenance of the highways therein."

To our mind, this clearly places the case within the exception provided by the legislature in 42 Pa.C.S.A. §5110(a)(5), which reads as follows:

"(5) Potholes and other dangerous conditions.—Damages, other than property damages, caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of damage which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

PennDOT has argued that there must be specific reference to the statutory exception by chapter and verse in the body of the complaint for same to be sufficient in law to maintain a cause of action. We feel that this is another of the all-too-prevalent examples of the bar to engage in "nit-picking" to the extent that procedural niceties have become the lord and master of the law, and logic and reason merely their slaves. We do not believe that this was the intent of the legislature in creating the "sovereign immunity" statute, nor do we feel that this type of practice is consonant with the basic philosophy of our courts in evolving the system of justice which has survived with us through the ages. Hence, this objection is one which we must, in all good conscience and in obedience to our own common sense, reject.

Secondly, PennDOT argued that the statute in question does not authorize the joinder of the Commonwealth as an additional defendant in such

an action. Interestingly enough (and perhaps, fortunately as well), the exact same issue was recently presented for consideration to President Judge Alfred Williams of the Northampton County Court of Common Pleas. While we realize this opinion is only persuasive, rather than binding, authority on us, we would always read most carefully a decision so clearly on point, especially from a jurist of the competence, experience, and stature of Judge Williams. We have done so with the opinion in Brown v. Mendisana, 13 D. & C. 3d 336 (1979), and companion cases, and we are convinced that Judge Williams' reasoning therein was correct. We agree with his conclusion that the statute's language, of clear necessity, implies a right of joint tortfeasors to assert a right of contribution against the Commonwealth in a situation which falls under one of the statutory exceptions to the "sovereign immunity" doctrine (see also Judge Williams' opinion as to proof requirements re applicability of the "sovereign immunity" doctrine). We having found such an exception to exist here, it is our belief that PennDOT was properly joined in this lawsuit, and should remain as an additional defendant.

Hence, we issue herewith the following

## ORDER

And now, February 5, 1980, the preliminary objections of additional defendant, Commonwealth of Pennsylvania, Department of Transportation, to the complaint joining it as additional defendant are hereby dismissed.